WESTERN REALTY COMPANY v. CARRINGTON ARAH PHELPS and Others.[1]

April 25, 1902.

Nos. 12,886—(38).

### Stipulation for Judgment.

A stipulation entered into between the parties to this action, providing for the entry of judgment in plaintiff's favor in the court below, construed, and *held* to authorize the judgment appealed from.

Appeal by defendants from a judgment of the district court for Hennepin county entered pursuant to the findings and order of Elliott, J. Affirmed.

*Chas. E. Flandrau, Geo. C. Squires* and *Carrington Phelps*, for appellants.

*Fred B. Snyder*, for respondent.

BROWN, J.

Action to cancel and annul a contract for the sale of certain real property. Plaintiff had judgment in the court below, and defendants appealed.

The facts are as follows: Some time prior to the commencement of the action defendants entered into a contract with plaintiff for the purchase of certain real property in Hennepin county, and

[1] Reported in 90 N. W. 11, 793.

had defaulted in the payments required to be made by its terms. Notice of cancellation of the contract was given, as required by Laws 1897, c. 223, and this action brought to effectuate the same by judgment and decree of court. Defendants appeared and answered, after which, on October 28, 1899, the parties entered into a stipulation by the terms of which they mutually agreed that there was $20,514.64 due under the contract; that defendants were in default in the payment thereof, but it was further agreed that proceedings in the action should be stayed, and defendants given until January 31, 1901, in which to make final payment; that if payment was made at that time, the action should be dismissed, and the deed of the premises executed and delivered; but if payment was not made plaintiff was authorized by the terms of the stipulation to apply at once to the court, without notice to defendants or their attorneys, for judgment and decree as prayed for in the complaint in the action, and thereupon cause judgment to be entered,

"Ordering, adjudging, and decreeing that the said contract is at an end, and cancelling the same; and that the defendants, and each of them, have no right, claim, lien, or interest in or to said premises, or any part thereof; and ordering and decreeing execution to issue for the possession of said premises, and each and every part thereof."

Defendants failed to make the payment as required by the terms of the stipulation, whereupon plaintiff applied to the court, without notice to defendants, and obtained an order for judgment finally cancelling and annulling the contract; upon which order judgment was entered accordingly, from which this appeal was taken.

Two points are made by appellants: First, that the stipulation was in effect a new contract, necessitating a new notice to effect its cancellation. There is no merit in this contention. The effect of the stipulation is nothing more than a voluntary extension on the part of plaintiff of the time of payment under the contract, and resulted in the mere suspension of hostilities until the time fixed should arrive. The stipulation must be construed so as to voice the intention of the parties, and to hold with defendants

would be to render absolutely meaningless all its other terms and provisions. If the parties intended by the stipulation to enter into a new contract for the sale of the land, to cancel which would require a new notice under the statute, the provisions that plaintiff might, upon defendants' failure to comply therewith by paying the amount agreed to be due, apply to the court for judgment and decree annulling and cancelling the contract, would be ineffectual, without signification, and confer no right to do what the express language stipulates.might be done.

It is also claimed that, by the terms of the stipulation, though the plaintiff was given the right, upon defendants' failure to make payment, to apply for the relief prayed for in the complaint, plaintiff was limited in the relief so to be applied for to that specifically demanded in the complaint. The complaint prays for judgment

"(1) That the amount due plaintiff under the terms of said contract be ascertained and determined. (2) That the said defendants be allowed a reasonable time, to be fixed and determined by the court, for the payment of the said sum of money."

Defendants insist that the plaintiff was entitled under the stipulation to apply for judgment determining the amount due upon the contract and fixing a reasonable time within which defendants should redeem the premises, and that the judgment cancelling and annulling the contract absolutely, without granting a reasonable time for redemption, was unauthorized. We are unable to concur in this contention. Indeed the language of the stipulation is a complete answer to defendant's contention. It expressly provides, as we have quoted above, that the plaintiff might, upon defendants' default, apply to the court, without notice, for judgment as prayed for in the complaint, and thereupon cause judgment to be entered adjudging and decreeing that the said contract is at an end, and cancelling the same, and awarding execution for the possession of the premises. In the face of this express language, there is no basis on which defendants can claim that they were to be granted by the terms of the judgment a reasonable time in which to make final redemption. The stipulation

does not so read, and the parties are controlled by their agreement.

Judgment affirmed.

On June 9, 1902, the following opinion was filed:

PER CURIAM.

On application for a reargument in this case the defendants presented certain affidavits upon which they ask this court to set aside the stipulation which is the basis of the judgment appealed from. The case was disposed of in this court upon the record in the court below, and we have no jurisdiction to consider the question whether the stipulation was authorized or not. Therefore it is ordered that the application be and it is denied, without prejudice to any right the defendants may have to apply to the district court to be relieved from the stipulation and judgment.